IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TROY STEPTOE, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | NO. 2:21-CV-26-Z-BR |
| | § | |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
|     Respondent.[1] | § | |

## RESPONDENT'S PRELIMINARY ANSWER
## WITH BRIEF IN SUPPORT

Petitioner, Troy Steptoe, challenges his incarceration pursuant to a murder conviction through a petition for writ of habeas corpus. The petition should be dismissed because it is time-barred by the AEDPA[2] limitations period.

## JURISDICTION

Steptoe seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254, which provides the Court with jurisdiction over the subject matter and the parties as Steptoe was convicted within this Court's jurisdiction.

---

[1] Respondent will be referred to hereinafter as "the Director."

[2] "AEDPA" refers to the Antiterrorism and Effective Death Penalty Act of 1996.

## PETITIONER'S ALLEGATIONS

The Director understands Steptoe to allege that the trial court lacked jurisdiction over his murder trial because he was not properly charged with the offense. ECF No. 1 at 6.

## GENERAL DENIAL

The Director denies Petitioner's assertions of fact except those supported by the record or specifically admitted herein. Also, the Director opposes any future, substantive motions filed by Petitioner—including, without limitation, a motion to amend and/or supplement his petition, and a motion for an evidentiary hearing— and will respond to such motions only upon Court order.

## STATEMENT OF THE CASE

The Director has lawful custody of Steptoe pursuant to a judgment and sentence of the 320th District Court of Potter County, Texas, in cause number 36,425-D, styled *The State of Texas v. Troy Steptoe*. ECF No. 11-4 at 6 (judgment and sentence for murder). In that case, he pled not guilty, but the jury found him guilty and sentenced him to forty years of confinement on May 24, 1996. *Id*.

Steptoe did not appeal his conviction. ECF No. 3 at 3.[3] He instead filed three state habeas applications between 2005 and 2020. He filed his first state habeas

---

[3] It appears that Steptoe attempted an appeal in 2004, about eight years after his conviction, but his appeal was dismissed for want of jurisdiction due to the untimely nature of his notice of appeal. *Steptoe v. State*, No. 07-04-0340-CR, 2004 WL 1899900 (Tex. App.—Amarillo 2004, no pet.).

application in March of 2005, but it was denied without written order on May of 2005. ECF No. 11-1 at 2, 16. He filed his second state habeas application in June of 2010, but it was denied without written order in October of 2010. ECF No. 11-2 at 2, 14. And he filed his third and final state habeas application in June of 2020, but it was denied without written order on October 21, 2020. ECF No. 11-3; ECF No. 11-4 at 27.

Steptoe declares he then mailed and thereby filed the instant petition on February 12, 2021.[4] ECF No. 3 at 10.

## STATE COURT RECORDS

Copies of Petitioner's state records have been previously filed in this case. A copy of the records will not be forwarded to Petitioner. *See Sixta v. Thaler*, 615 F.3d 569, 570 (5th Cir. 2010). Additionally, the Director objects to any existing or future motions for copies of records at the government's expense.

## PRELIMINARY ANSWER

Respondent believes that Steptoe's petition should be dismissed because it has been filed outside the AEDPA's one-year statute of limitations. AEDPA provides a one-year period for filing federal habeas corpus petitions by persons in custody

---

[4] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (for purposes of determining the applicability of the AEDPA, a federal petition is filed on the date it is placed in the prison mail system).

pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1). Section (d)(1) provides four possible dates which start the running of the one-year limitations period, and the limitations period runs from the latest of the four dates. 28 U.S.C. § 2244(d)(1)(A)−(D). In pertinent part, the AEDPA provides that:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

4

Because Steptoe challenges his conviction with allegations that he should have been aware of prior to his final judgment date, the statute of limitations ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* For the purposes of calculating his AEDPA limitations expiration date, Steptoe's judgment became final when his time for filing a direct appeal expired, on June 24, 1996 (i.e. when his time for filing a direct appeal expired).[5] *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("the conviction becomes final when the time for seeking further direct review in the state court expires"); Tex. R. App. Proc. 26.1 (allowing 30 days to file a notice of appeal). Therefore, without considering tolling, Steptoe's limitations period expired one year later, on June 24, 1997.

Still, the Court must consider that AEDPA allows for the tolling of the limitations period during the pendency of properly filed applications for state court collateral review: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). Here, Steptoe did not file any of his state habeas applications

---

[5] 30 days after the direct appeal was a Sunday, June 23, 1996, but Rule 4.1 of the Texas Rules of Appellate Procedure pushes the due date back to the following Monday, June 24, 1996.

until many years after the expiration of his limitations period, so they cannot toll the limitations period in this case. *Flores v. Quarterman,* 467 F.3d 484, 486 n.2 (5th Cir. 2006).

The Director further asserts that Steptoe is not entitled to equitable tolling. The Fifth Circuit has explained,

> "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson,* 158 F.3d 806, 810 (5th Cir. 1998). Equitable tolling will be granted in "rare and exceptional circumstances," *id.* at 811, and will not be granted if the applicant failed to diligently pursue his rights, *United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000). "Equitable tolling applies principally when the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999).

*Larry v. Dretke*, 361 F.3d 890, 896−97 (5th Cir. 2004). Here, Steptoe has not shown any exceptional circumstances, nor does he allege any. ECF No. 3 at 9. Further, Steptoe's inexperience and *pro se* status are not exceptional circumstances. *See, e.g., Fisher v. Johnson,* 174 F.3d at 714. Equitable tolling therefore does not apply to this case.

Since Steptoe filed the present petition on February 12, 2021, and his limitations period expired by June 24, 1997, his petition is untimely by more than

6

two decades. Therefore, the Director urges the Court to dismiss this petition with prejudice because it is barred by the AEDPA statute of limitations.

**CONCLUSION**

For the foregoing reasons, the Director respectfully requests the Court dismiss Steptoe's petition with prejudice as time-barred and deny a certificate of appealability.

Respectfully submitted,

KEN E. PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

7

*Lead Counsel

s/ Nathan Tadema
NATHAN TADEMA*
Assistant Attorney General
State Bar No. 24044285

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 936-1400
(512) 936-1280 (FAX)

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing pleading has been served by placing the same in the United States Mail, postage prepaid, on this the 9th day of August, 2021, addressed to:

Troy Steptoe
TDCJ-CID # 00755083
Robertson Unit
12071 FM 3522
Abilene, TX 79601

s/ Nathan Tadema
NATHAN TADEMA
Assistant Attorney General

8