IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TROY STEPTOE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:21-CV-26-Z-BR |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by Petitioner Troy Steptoe ("Petitioner") challenging the constitutional legality or validity of his state court conviction and sentence. For the following reasons, Petitioner's habeas application should be DISMISSED with prejudice as time barred.

## I.     BACKGROUND

On May 24, 1996, Petitioner was charged by Information in Potter County, Texas with the first-degree felony offense of murder in violation of section 19.02(b)(1) of the Texas Penal Code. (ECF 11-4 at 5, 10). Specifically, the Information alleged that on or about August 21, 1994, Petitioner "did then and there knowingly and intentionally cause the death of an individual, namely CHARLES SMITH, by shooting CHARLES SMITH with a deadly weapon, to-wit: a firearm." (ECF 11-4 at 5). To this charge, Petitioner pleaded guilty. (ECF 11-4 at 6). The trial court then sentenced Petitioner to 40 years imprisonment in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutional Division and entered judgment accordingly.  (*Id.* at 6, 10). As part of his guilty plea, Petitioner either waived his right to appeal, (*Id.* at 10), or he stated that he

"did not wish to appeal this case and did not wish to have counsel appointed" for that purpose. (*Id.* at 8).

In 2004, about eight years after the judgment, Petitioner began fighting against his judgment. Petitioner first appealed his judgment, but the Amarillo court of appeals dismissed the appeal for lack of jurisdiction because the appeal was untimely. (ECF 11-1 at 22–24). A year later, he filed a state application for writ of habeas corpus that, without written order, was denied. (ECF 11-1 at 1–2, 16). He filed a second state habeas application in 2010, which, also without written order, was denied. (ECF 11-2 at 1–2, 14). He filed a third state habeas application in 2020; again, without written order, it was denied. (ECF 11-3). And last, he filed the instant application for writ of habeas corpus—his fourth application—on February 12, 2021, more than 24 years after his conviction became final. (ECF 3).

## II.    STATUTE OF LIMITATIONS

Title 28 U.S.C § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners:

(1)    A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –

   (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

## III.   <u>RESPONSIVE PLEADINGS</u>

On August 9, 2021, Respondent filed a Preliminary Answer asserting Petitioner's federal habeas petition should be dismissed as time barred. (ECF 14). The answer briefed the applicable statutory and case law regarding the one-year statute of limitations in federal habeas corpus cases, as well as the possibilities of statutory and equitable tolling of the limitation period. Respondent also set forth relevant dates in this case and analyzed the timeliness of Petitioner's habeas application. (*Id.*).

On September 7, 2021, Petitioner filed a Reply. (ECF 15). His Reply argues that limitations has not run because there is no judgment of conviction. (ECF 15 at 3–4). He argues that the judgment in the administrative record "does not contain a written declaration of the court signed by the trial judge showing that [Petitioner] has been convicted for murder in accordance with article 42.01, Tex. Code Crim. Proc." (ECF 15 at 4). He therefore argues that limitations has not expired because it never began to run.

## IV.   <u>FINALITY OF CONVICTION</u>

A judgment becomes final upon the conclusion of direct appellate review or when the time for filing further direct appeal expires. *See Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2002). Regarding the finality of Petitioner's judgment of conviction, the undersigned makes the following findings and conclusions:

1.      Petitioner was sentenced on May 24, 1996. (ECF 11-4 at 6). Petitioner did
not file an appeal. (ECF 11-4 at 8).

2.      Petitioner's judgment of conviction became final on June 24, 1996, when
the 30-day period to file an appeal expired. *Gonzalez v. Thaler*, 565 U.S.
134, 149–50 (2012).

## V.    START OF THE LIMITATIONS PERIOD

The limitations period shall run from the date on which the judgment became final <u>unless</u> one of the circumstances set forth in 28 U.S.C § 2244(d)(1)(B), (C), or (D) clearly applies and triggers a later begin date. Regarding limitations, Petitioner argues that his murder conviction is void; therefore, the limitations statute is inapplicable. (ECF 3 at 9).

Petitioner's argument is wrong. An "attack upon a judgment of a court of competent jurisdiction by a writ of habeas corpus is a collateral attack, and unless it appears that the trial court was without jurisdiction, either of the person or of the subject matter or to render a particular judgment, the same cannot be attacked as void for mere irregularities." *Ex Parte Clinnard*, 145 Tex. Crim. 460, 464 (1943). Thus, any technical faults in the judgment are irrelevant. The time to complain of those issues was on direct appeal. *Id.*

Petitioner's argument, at most, rests on supposed irregularities. (*See* ECF 15 at 4). Petitioner's complaint arises from a supposed variance between the crime he was indicted on, capital murder, and the crime he was convicted of, murder. But there is no variance. Petitioner's misunderstanding stems from confusing two separate legal proceedings. In the first proceeding, on September 22, 1994, in cause number 34,247-D, a grand jury indicted Petitioner for capital murder. (ECF 11-4 at 31). After two years of investigation, Petitioner and the State agreed that the State would reduce the offense to murder, and that Petitioner would plead guilty. (ECF 11-1 at 35). Accordingly, the capital murder indictment was dismissed on June 13, 1996, because Petitioner

was "[c]onvicted in cause #36,425-D received 40 yrs TDCJ-ID"—the second proceeding. (ECF 11-4 at 32).

The second proceeding, cause number 36,425-D, began the month before the dismissal on May 24, 1996, when an assistant district attorney filed—as part of the plea agreement—an information charging Petitioner with murder. (ECF 11-4 at 5). The same day, Petitioner "appeared in person and with counsel" before the Honorable Don Emerson. (ECF 11-4 at 6). After lengthy admonishments of his rights, Petitioner "persisted in pleading guilty." (*Id.* at 7). Therefore, the Court, in accordance with the plea agreement between Petitioner and the State of Texas, entered a judgment of guilty and imposed a sentence of 40 years in the second proceeding based on the information. (ECF 11-4 at 7). As the last part of the plea agreement, Petitioner "gave up his right to appeal, told the Court he did not want to appeal," and "told [his counsel] he did not want to appeal . . . ." (ECF 11-1 at 36; *see also* ECF 11-4 at 8, 10). It is this judgment that Petitioner challenges. In sum, the Court finds that information and judgment in the second proceeding are both for the crime of murder—so Petitioner's judgment had no irregularities. And more importantly, the Court finds that the trial court had jurisdiction. Therefore, the judgment of conviction is valid and enforceable.

Having considered these arguments and the documents on file, the undersigned makes the following findings and conclusions regarding the start of the one-year limitations period:

1. The record does not reflect any unconstitutional "State action" impeded or prevented Petitioner from filing for federal habeas corpus relief.

2. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

3. Petitioner's claims are not of such a nature that the factual predicate of the claims presented could not have been discovered, through the exercise of

5

due diligence, until a date subsequent to the conclusion of Petitioner's direct review of his conviction.

4.      The one-year period of limitations in this case began on the date on which Petitioner's judgment in the second proceeding became final, that is June 24, 1996.

5.      Petitioner's federal habeas corpus petition was thus due on or before June 24, 1997 (upon the expiration of one year) unless the limitations period was statutorily or equitably tolled.

6.      Petitioner filed his habeas application on February 12, 2021.

## VI.      EQUITABLE TOLLING

The one-year statute of limitations on petitions for federal habeas relief by state prisoners is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his habeas rights diligently, and (2) that some "extraordinary circumstance" stood in his way and prevented him from effecting a timely filing. *Id*. at 649. The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control."  *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016). Equitable tolling can apply to the one-year limitations period of section 2244(d) only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence."  *Holland*, 560 U.S. at 653. Equitable tolling principally applies where the petitioner is "actively misled" by the respondent about the cause of action or was prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). A "garden variety claim of excusable neglect" by the petitioner does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).

Here, Petitioner has not asserted, much less sufficiently demonstrated, that he is entitled to equitable tolling of the limitations period. Petitioner does not argue that the law excuses his delay. Rather, he argues that there has not been any delay. But as explained above, his sentence is valid and enforceable. Therefore, there is a twenty-plus-year delay to explain. Under any standard, the record does not reflect Petitioner pursued his claims with reasonable diligence, or that extraordinary circumstances beyond his control, qualifying as "rare and exceptional" events, actions, or conditions prevented him from timely seeking post-conviction relief from his conviction.

## VII.   FINDINGS AND CONCLUSIONS

1.      The one-year statutory limitations period in this case was not equitably tolled.

2.      Petitioner's federal habeas-corpus application, filed February 12, 2021, when Petitioner purportedly placed the application in the state prison mail system,[1] was filed **after** the expiration of the statute of limitations and **is time barred**. The time for filing the federal application was not tolled by the filing of any state habeas application.

## VIII.   RECOMMENDATION

For the above reasons and the reasons set forth in Respondent's Preliminary Answer filed August 9, 2021 (ECF 14), it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by Petitioner TROY STEPTOE be DISMISSED with prejudice as time barred.

---

[1]*Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998) (a federal habeas petition is "filed" for purposes of the limitations period when the inmate tenders his petition to prison officials for mailing).

## IX.    INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 6, 2021.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).